**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| RITA GAYLE GARRETT, as administrator of the estate of KELLY PICKENS | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action File No.   2:18-cv-00243-RWS |
| v. | ) ) | |
| JOHNNY WOOD, individually, and THE CITY OF STATHAM, | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

**COMPLAINT**

COMES NOW Rita Gayle Garrett, as administrator of the estate of Kelly Pickens, and brings this action against Defendants under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments of the United States Constitution, stating as follows:

**INTRODUCTION**

1.      This is a case about an arrest made without probable cause under multiple facially unconstitutional laws. Despite the lack of even probable cause, and despite the apparent unconstitutionality of the statutes and ordinances relied upon, Kelly Pickens was arrested because Statham government considered her a nuisance and wanted to punish her for her criticism of its officials.

## JURISDICTION AND VENUE

2.      This is a civil and constitutional rights action arising under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction of federal claims under 28 U.S.C. §§ 1331 and 1343.

3.      Venue in this Court is proper under 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims arose in this district and division and because the City of Statham is located within this district and division.

## PARTIES

4.      Plaintiff Rita Gayle Garrett is a United States citizen and resident of Georgia, and brings this action as the administrator of the estate of Kelly Pickens.

5.      Defendant Statham Police Officer Johnny Wood ("Officer Wood") is sued in his individual capacity. At all times relevant to the complaint, Wood acted under the color of law.

6.      Defendant City of Statham ("Statham") is a Georgia municipality subject to suit.

## FACTUAL ALLEGATIONS

7.      On the evening of December 21, 2016, Kelly Pickens attended a Statham city council meeting.

8.      According to Officer Wood, she spoke out of turn and was asked to leave.

9.      Pickens then left the meeting and the building, and then stood in the street amongst parked cars.

10.      Officers wished Pickens "an excellent evening," encouraging her to leave, as Pickens walked away from them.

11.      Instead of getting in her car to go home, Pickens began to criticize Statham leadership.

12.      In the course of this criticism, she used the phrase "God damn."

13.      Officer Wood then approached Pickens to arrest her.

14.      Pickens said, "I can say 'God damn.'"

15.      Officer Wood replied, "No, ma'am. You cannot. You are under arrest."

16.      Officer Wood then arrested Pickens.

17.      Prior to her arrest, Pickens had not made, or attempted to make, intentional physical contact with any officer or other person.

18.      Officer Wood charged Pickens with two violations.

19.      One violation was for disorderly conduct under Statham's city ordinance, which makes is a crime "to engage in any violent, obstreperous, or

similar disorderly conduct tending to infringe on the peace and repose of the citizens of the City."

20.     The city disorderly conduct ordinance is the official policy of the City of Statham.

21.     A materially similar disorderly conduct law was struck down by the United States Supreme Court in *Gooding v. Wilson*, 405 U.S. 518 (1972).

22.     The other violation was a city ordinance incorporating the state law charge of disturbing a public meeting, under O.C.G.A. § 16-11-34.

23.     O.C.G.A. § 16-11-34 was declared unconstitutionally overbroad and void in *State v. Fielden*, 280 Ga. 444, 446, 629 S.E.2d 252, 255 (2006).

## COUNT I
### *False Arrest under 42 U.S.C. § 1983*

24.     In arresting Pickens, Officer Wood falsely accused her of committing offenses she did not commit.

25.     No reasonable officer in Officer Wood's position could have believed that Pickens committed these or any other criminal offenses.

26.     Based upon the facts known by Officer Wood, no reasonable officer could have believed that probable cause existed to arrest Pickens, and there was no arguable probable cause for her arrest.

27.     Pickens was arrested pursuant to a facially unconstitutional ordinance and state law.

28.     As a result of Pickens' arrest, she suffered a loss of liberty, extensive monetary losses, reputational damages, humiliation, and emotional distress.

**COUNT II**
*Free Speech Retaliation under 42 U.S.C. § 1983*

29.     Officer Wood arrested Pickens because she said "God damn."

30.     Pickens' speech was constitutionally protected.

31.     Pickens did not threaten Officer Wood or anyone else.

32.     Pickens' language did not create a clear and present threat of imminent danger.

33.     Officer Wood then retaliated against Pickens by arresting her.

34.     Such retaliation adversely affected Pickens protected speech, chilling her and punishing her for engaging in protected activity.

35.     Pickens was a vocal critic of Statham and its officials for a variety of perceived misdeeds, especially related to its police department.

36.     Pickens was arrested because the City of Statham did not like her criticism of its officials and wanted to punish her for her criticism.

## COUNT III
### *Punitive Damages under 42 U.S.C. § 1983*

37.     Defendant Wood acted with conscious indifference, reckless disregard for the consequences of his actions, an intent to injure, and malice such that an award of punitive damages is authorized under federal law.

WHEREFORE, Plaintiff demands the following:

a)     That this action be tried by a jury;

b)     That judgment be entered in favor of Plaintiff and against Defendants in an amount to be determined by the enlightened conscience of fair and impartial jurors to the extent allowed by law;

c)     That Plaintiff be awarded punitive damages against Defendant Wood in his individual capacity;

d)     That Plaintiff be awarded attorneys' fees under 42 U.S.C. § 1988;

e)     That all costs of this action be taxed against Defendants; and

f)     That the Court award any additional or alternative relief as may be deemed appropriate under the circumstances.

Respectfully submitted this 19th day of December, 2018.

*/s/ Zack Greenamyre*
Zack Greenamyre
Georgia Bar No. 293002

MITCHELL & SHAPIRO LLP
3490 Piedmont Road, Suite 650

-6-

Atlanta, Georgia 30305
404-812-4747
zack@mitchellshapiro.com

                                        /s/ Jeffrey R. Filipovits
                                        Jeffrey R. Filipovits
                                        Georgia Bar No. 825553

FILIPOVITS LAW FIRM, PC
2900 Chamblee-Tucker Road
Building 1
Atlanta, GA 30341
jeff@law.filipovits.com